[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
————————————————

No. 05-12608
Non-Argument Calendar
————————————————

D. C. Docket No. 00-00581-CV-BBM-1

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 19, 2006
THOMAS K. KAHN
CLERK

ROY GATES,

                                                    Plaintiff-Appellant,

versus

JAMES E. DONALD,
Commissioner, et al.,

                                                    Defendants,

HARRELL,
MARTIN,
THOMAS,
DOE 1,
DOE 2,

                                                    Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia

————————————————

**(January 19, 2006)**

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

After a jury trial, Roy Gates appeals pro se the verdict in favor of the defendants in his 42 U.S.C. § 1983 case. Gates also appeals the district court's denials of his motion for a new trial and request for a copy of the trial transcript. After review, we affirm.

Gates, a Georgia prisoner, filed a § 1983 complaint against the Commissioner of the Georgia Department of Corrections ("GDOC") and numerous other GDOC employees. The district court either dismissed or granted summary judgment to the defendants on all of Gates's § 1983 claims.

Gates appealed, and this Court reversed the district court's grant of summary judgment as to three GDOC employees regarding Gates's claim that he was assaulted by prison guards when he did not speak loudly enough in practicing a greeting for the warden. Gates v. Wetherington, No. 01-11456, at 7-12, 35 (11th Cir. Jan. 22, 2002).

On remand, Gates was appointed counsel and the case then went to trial. After a two-day trial in which both Gates and the defendants testified, the jury returned a verdict in favor of the three defendants. Gates appeals pro se.

On appeal, Gates asserts that the jury instructions were improper and

misleading.[1]  However, Gates's brief on appeal merely states that the jury was misled, but does not specify how the instructions were misleading.  Furthermore, his brief fails to identify any specific jury instruction that was allegedly improper.  Even construing Gates's pro se brief liberally and reviewing the jury instructions, we find no reversible error, plain or otherwise, in the jury instructions.

Gates also claims that the district court erred in denying his motion for a new trial and in refusing his request for a copy of the trial transcript.  We disagree.

This Court reviews the denial of a motion for new trial for abuse of discretion.  United States v. Vallejo, 297 F.3d 1154, 1163 (11th Cir. 2002).  Pursuant to 28 U.S.C. § 753(f), "[f]ees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)."

Gates's pro se motion for a new trial did not raise any trial errors, but merely

---

[1]When reviewing the trial court's jury instructions, this Court examines "whether the jury charges, considered as a whole, sufficiently instructed the jury so that the jurors understood the issues and were not misled[,]" and will reverse only when "left with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations."  Bearint v. Dorell Juvenile Group, Inc., 389 F.3d 1339, 1351 (11th Cir. 2004) (internal quotation marks and citation omitted).  However, when no objection to the jury instructions is made, this Court reviews for plain error, and will reverse only when "(1) there is an error; (2) the error is plain; (3) the error affects the defendant's substantial rights in that it was prejudicial and not harmless; and (4) the error seriously affects the fairness, integrity or public reputation of a judicial proceeding."  United States v. Prieto, 232 F.3d 816, 819 (11th Cir. 2000).

requested a copy of the trial transcript. However, Gates then filed a "proposed enumeration of errors," stating that he wanted to amend his motion for new trial and alleging: (1) his trial counsel was ineffective and contributed to Gates's not being prepared for trial and not receiving a fair trial; (2) the district court failed to give proper jury instructions; (3) a "conspiracy" occurred because the district court did not announce to the jurors that "these are civil rights 42 U.S.C. § 1983 and 1985 claims, Eighth Amendment claims"; and (4) a "conspiracy" occurred when vital evidence and facts were withheld.

Other than referencing his "enumeration of errors," Gates's brief on appeal fails to alleged any specific (or even general) error committed during the trial. We readily conclude that the district court did not abuse its discretion in denying Gates's motion for a new trial. Additionally, to the extent Gates argues that he should have been provided with a copy of the trial transcripts, he has not shown how the district court erred in refusing to certify his appeal as not frivolous.

AFFIRMED.

4